NEW CORSICA CENTRALE, Plaintiff and Appellant, *v.* JUAN G. GALLARDO, Treasurer of Puerto Rico, Defendant and Appellee.

No. 4682. Argued December 11, 1929.—Decided January 15, 1931.

*J. Sifre* and *Horacio Franceschi* for appellant. *James R. Beverley, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

In a complaint to recover taxes paid under protest the assets of the complainant were listed as follows: Cash on hand $442.42; Government bonds $50.00; Credits secured by mortgage (sic) $11,069.44; "Promissory notes and other credits not previously set forth" $271,748.07; in all $283,309.93.

The controversy turns mainly on whether the quoted words described "credits" or some other form of property. It transpires that the last item heretofore set out was mainly for a debt owed by the Central Defensa which the evidence shows was secured by mortgage, but the appellant in its brief says it was only secured by collateral.

The complaint went on to say that the only part of the assets that was subject to taxation was the cash on hand; that an attachment was issued against the Company and therefore it had paid the sum of $5,851.96 under protest. The District Court of San Juan relying on our opinion in the case of *Porto Rican & American Insurance Co.* v. *Gallardo,* 37 P.R.R. 108, held that the Company could not be taxed for government bonds amounting to $50, but refused to order the return of the other amounts claimed.

The appeal involves the interpretation to be put upon section 290 of the Political Code, perhaps to be taken in connection with section 291 thereof. The two sections read as follows:

"Sec. 290.—That all property not expressly exempted from taxation shall be assessed and taxed. For the purposes of the assessment and collection of taxes, real property shall be deemed to be synonymous with immovables as defined in sections 333, 334 and 335 of the Civil Code; *Provided, however,* That machinery, vessels, instruments or implements not fixed to the building or soil shall not be deemed to be real property. Personal property shall include such machinery, vessels, instruments or implements not fixed to the building or soil, livestock money, whether in the possession of the owner thereof or held by or on deposit with some other person or institution, bonds, stocks, certificates in unincorporated syndicates or partnerships

patent-rights, trade-marks, franchises, concessions and all other matters and things capable of private ownership and not included within the meaning of the term "Real Property", but shall not include book-credits, promissory notes nor other personal credits.

"Sec. 291.—The following property shall be exempted from taxation.

"(a) Property of persons whose total property is assessed for less than one hundred dollars.

"(b) Property of the United States and property exempted from taxation by the laws of the United States; property of The People of Puerto Rico, excepts as provided in section 296 of this Title; property of any municipal district or other local division devoted entirely to public use, even though such property should be a source of revenue to such municipal district or local division.

"(c) The indebtedness owed by any taxable person, association or corporation, to the extent and in the manner prescribed in sections 296 and 297 of this Title.

"(d) Shares of capital or stock in institutions, corporations or companies organized under the laws of Puerto Rico when the property of such corporations is exempt or when such shares are taxable to said institutions, corporations or companies themselves, to the extent and in the manner prescribed in section 316 of this Title.

"(e) Every building used and set apart exclusively for religious worship, and the pews and furniture within the same; every building used and set apart for educational, literary, scientific or charitable purposes, and the furniture, appliances and apparatus appurtenant thereto; and every tract of land, not exceeding five cuerdas in extent, upon which such building or buildings is or are situated: *Provided*. That such grounds and buildings are not leased or otherwise used with a view to the pecuniary profit of either the lessor or lessee.

"(f) Cemeteries, tombs and the rights of burial, so long as the same shall be dedicated for the burial of the dead and no dividends or profits derived therefrom, except in the case of dividends or profits derived from cemeteries owned by municipalities.

"(g) Fish in the possession of the fishermen by whom caught.

"(h) The growing crops and products of the land actually owned by and still in the hands of the producer.

"(i) The professional tools or working tools of mechanics, or artisans, moved or worked exclusively by hand.

"(j) Household furniture, wearing apparel, and provisions and fuel kept for the use and consumption of the person to whom they belong. But nothing in this Title contained shall be held to exempt

agricultural machinery or the furniture or utensils and provisions of hotels, restaurants and eating-houses except as provided for in the preceding paragraphs.

"(k) All educational and professional books and private libraries.

"(l) All family pictures.

"(m) Non-interest bearing mortgage bonds and other obligations used exclusively as guarantees or securities for the proper performance of official duties; liens and censos the interest on which does not exceed five percent per annum, provided the same are specially devoted to carry out testamentary will applying them to charitable or educational purposes. But all property hereby exempted from assessment, in so far as it is real property, shall be duly listed, valued and described as is other property; and the Treasurer shall keep a record showing for each piece of real property so exempted its description and estimated value, and by whom it is owned, the reason for its exemption from taxation, and such other information as the Treasurer may deem desirable."

There can be no question that this court decided in *Union Central Life Insurance Co.* v. *Gromer*, 19 P.R.R. 856, and in *Fajardo Sugar Co.* v. *Treasurer*, 22 P.R.R. 290, that following the statute, personal credits could not be taxed. The *Gromer* case decided that credits secured by mortgages were primarily and fundamentally still credits and hence could not form part of the personal property as defined in section 290. The *Fajardo Sugar Co.* case decided essentially that advances to farmers were credits and hence expressly excluded from the definition of property as set forth in section 290. Therefore, we feel bound to hold that the assets in the present case were credits as defined in section 290 and could no more be considered property than the credits in either the *Gromer* or the *Fajardo Sugar Co.* case.

The difficulty with which we have been confronted is that the decision in *Porto Rican & American Insurance C.* v. *Gallardo, supra,* holds, among other things that mortgage credits and promissory notes were not exempt from taxation. This holding was definitely inconsistent with our previous decisions, *supra.* With respect to credits secured by mortgage

the said *Porto Rican & American Insurance Co.* case and our said former cases can not stand together.

We are quite satisfied, however, that the former cases would have prevailed if our attention had been fixed on section 290 of the Political Code. By reason of the manner of the presentation of the questions involved the court was momentarily oblivious of section 290 and its previous interpretation. Perhaps it would be difficult to attempt to explain all the reasons for the mistake or oversight, but a few things are very apparent from the examination of the record in *Porto Rican & American Insurance Co.* v. *Gallardo, supra.* The matter substantially involved, as originally presented, was whether the Treasurer, by considering the shares of stock alone could prevent a taxpayer from claiming an exemption. By a majority vote with two judges dissenting, we decided that the taxpayer was entitled to his exemption. *Porto Rican & American Insurance Co.* v. *Gallardo,* 35 P.R.R. 842.

Then the Attorney General of Puerto Rico moved for a reconsideration and maintained that under section 291 the taxpayer and appellant had not shown itself to be exempt. The original case was decided on July 29, 1926; the motion for rehearing was presented on November 2, 1926. On January 24th the court ordered a rehearing, limiting the case exclusively to the consideration of the exemptions, as the Attorney General had again raised the questions decided by the court on July 29th. As the appellant points out the only matter then presented to the court was whether the Porto Rican & American Insurance Co. had shown itself to be exempt under section 291 of the Political Code. The Attorney General on February 3, 1927 presented a brief and on February 7th the rehearing took place. The attorney for the Porto Rican & American Insurance Co. asked time to file a brief, which was granted. Extensions were asked and granted until early in April, but the Porto Rican & American Insurance Co. did not file a brief. On July 7th, 1927, this

court rendered its second opinion, *Porto Rican & American Insurance Co.* v. *Gallardo,* 37 P.R.R. 108, considering solely section 291 of the Political Code, as its attention was not called to section 290. The court evidently was under the impression that the only section to be considered was section 291.

Furthermore, perhaps to a certain extent following the decision in the *Porto Rican & American Insurance Co.* case, *supra,* we held in *Porto Rico Coal Co.* v. *Gallardo,* 39 P.R.R. 575, that certain certificates of Central Carmen and Central Coloso were not shown to be excluded from taxation. The Circuit Court of Appeals of Boston reversed the decision in the *Porto Rico Coal Co.* case *supra,* and necessarily decided that the certificates in question should be considered as credits. That court, moreover, reviewed our previous jurisprudence in *Union Central Life Insurance Co.* v. *Gromer, Fajardo Sugar Co.* v. *Treasurer, supra,* and the affirmance of the latter decision by the said circuit court and held in effect that these previous decisions were settled law. We should have concluded by said opinion of the circuit court to decide the case in accordance with the former cases namely, *Union Central Life Ins. Co.* v. *Gromer* and *Fajardo Sugar Co.* v. *Treasurer.* On the other hand we are quite satisfied that we should not in the *Porto Rican & American Ins. Co.* case have failed to follow our said former opinions if our attention had been duly called to them.

The judgment of the district court must be reversed.

Mr. Chief Justice Del Toro, concurring.

My viewpoint in regard to the assessment of property of corporations for purposes of taxation under the law has differed many times from that of the majority. I shall confine myself to citing the cases of *Union Central Life Ins. Co.* v. *Gromer,* 19 P.R.R. 856; *Fajardo Sugar Co.* v. *Treasurer,* 22 P.R.R. 290, 302, and especially that of *P. R. & Am. Ins. Co.* v. *Gallardo,* 35 P.R.R. 842, 857, where, in a dissenting opinion, I expressed myself as follows:

"I am of the opinion that the judgment appealed from should be affirmed for the reason that the procedure followed by the Treasurer and ratified by the Board of Review and Equalization is correct. The assessment was based on data furnished by the corporation itself. The Treasurer levied no tax whatever on the property exempt from taxation by operation of law. He considered the value of the shares of stock, which is something independent and assessable under a rational construction of section 317 of the Political Code."

In the *P. R. & Am. Ins. Co.* case, the Government filed a motion for rehearing which was granted in accordance with the opinion delivered in the case and reported in 37 P.R.R. 108, in which all the Justices concurred.

I entirely agree that the second opinion rendered in *P. R. & Am. Ins. Co.* v. *Gallardo,* 37 P.R.R. 108, is inconsistent, insofar as credits are concerned, with the viewpoint of the majority of the Court in the case of *Union Central Life Ins. Co.* and that of *Fajardo Sugar Co., supra,* affirmed by the United States Circuit Court of Appeals for the First Circuit; but I desire to emphasize the fact that the said opinion stands in regard to shares of stock, since it served as a basis for the unanimous opinion of the Court delivered by me in *Caribbean Casualty Co.* v. *Gallardo,* 40 P.R.R. 651, the following jurisprudence, copied from the syllabus, being there established:

"TAXATION—ACTIONS FOR RECOVERY OF TAXES PAID—EVIDENCE—BURDEN OF PROOF—EXCEPTION OF SHARES IN OTHER CORPORATIONS.—In the absence of showing that shares of stock in other corporations are exempt under one of the modes prescribed by law, such shares are taxable as a part of the capital of the corporation owning them."

In view of the settled viewpoint of the majority of this Court throughout the years, confirmed again now on account of the deviation noticed, which viewpoint has been definitely sustained by the Circuit Court of Appeals for the First Circuit (see the recent decision in *Puerto Rico Coal Co.* v. *Domenech, Treasurer,* 41 F. (2d) 183), it seems to me that the question has been finally settled. I must, therefore, admit that in Puerto Rico the law is that, under the provisions of section 290 of the Political Code, "book-credits, promissory

notes or other personal credits,'' both in the case of natural persons and of corporations, are not taxable property. Said section has been considered to be basic and has been construed quite independently of sections 291 and 317 of the same code.

That being so, I must and do concur in the judgment of reversal rendered today in the present case, based on the opinion delivered by Mr. Justice Wolf.